CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NUMBER: 11-6952      DIVISION " "      DOCKET     N-8

DERRICK EDWARDS

VS.

PERMOBIL, INC., PRAXAIR, INC., and
ABC & XYZ INSURANCE COMPANY

FILED: _____      _____
                                        DEPUTY CLERK

## PETITION FOR DAMAGES

I.

The petitioner, DERRICK EDWARDS (Derrick Edwards), is a person of the full age of majority and domiciled in the parish of Jefferson, State of Louisiana.

II.

The defendant, PERMOBIL, INC., (Permobil) is a foreign corporation not licensed to do, but doing business in Louisiana, who at all times relevant herein designed, manufactured and sold the C500 Permobil electric wheelchair involved in the accident at issue.

III.

The defendant, ABC INSURANCE COMPANY (ABC), on information and belief, is a foreign insurance company authorized to do and doing business in the parish of Jefferson, State of Louisiana.

IV.

The defendant, PRAXAIR, INC. (Praxair) is a domestic corporation licensed to do and doing business in the parish of Jefferson, State of Louisiana.

V.

1





The defendant, XYZ INSURANCE ICOMPANY (XYZ), on information and belief, is a foreign insurance company authorized to do and doing business in the parish of Jefferson, State of Louisiana.

VI.

At all material times hereto, on information and belief, the defendant, ABC, had in full force and effect a policy of liability insurance that was issued in favor of Permobil, which provides insurance coverage against the risk of loss arising from the actions/inactions of Permobil that are the subject of this suit, and which inures to the benefit of Petitioner, to Derrick Edwards and others similarly situated, arising from the events described herein, and as such, ABC is made a direct defendant pursuant to the Louisiana Direct Action Statue.

VII.

At all material times hereto, on information and belief, the defendant, XYZ, had in full force and effect a policy of liability insurance that was issued in favor of Praxair, which provides insurance coverage against the risk of loss arising from the actions/inactions of Praxair that are the subject of this suit, and which inures to the benefit of Petitioner, to Derrick Edwards and others similarly situated, arising from the events described herein, and as such, XYZ is made a direct defendant pursuant to the Louisiana Direct Action Statue.

VIII.

Venue is appropriate in this jurisdiction because the accident that is the subject matter of this litigation occurred in the Parish of Orleans, State of Louisiana.

IX.

The defendants, Permobil, ABC, Praxair and XYZ are jointly, severally and solidarily indebted onto your Petitioner in the full and proper sum necessary in the premises for the following reasons to-wit:

X.

---

1 Petition for Damages
Derrick Edwards v. Permobil Inc., et al.

2

As a result of a pre-existing spinal cord injury, petitioner, Derrick Edwards is a quadriplegic paralyzed from the neck down and confined to an electric wheelchair.

XI.

Petitioner, Derrick Edwards owns a C500 Permobil electric wheelchair manufactured by defendant, Permobil and sold to petitioner by defendant, Praxair, which he relies on for his daily living activities.

XII.

On July 8, 2010, Derrick Edwards was traveling to his residence from the central business district in New Orleans in a van driven by his personal care assistance. While in route to his residence, the bolt that secures the rod to support the rear of the wheelchair broke, resulting in the collapse of the wheelchair and Derrick Edwards' neck and head being jolted backwards as the seat of the Permobil wheelchair fell backwards.

XIII.

As a result of the collapse of the C500 Permobil wheelchair, Derrick Edwards suffered serious injuries including, but not limited to, his head, neck, shoulders, upper back, and spine.

XIV.

After the collapse of the wheelchair, Derrick Edwards was trapped in the wheelchair and his personal care attendant along with his mother had to physically assist removing Derrick Edwards from the wheelchair and transporting him into his residence.

XV.

Immediately after the collapse of the wheelchair, Derrick Edwards started to suffer severe neck and upper back pain for which he has sought and continues to receive medical care.

XVI.

On July 9, 2010, due to suffering severe pain and discomfort, Derrick Edwards was prescribed pain medications and scheduled to have physical therapy for his severe neck and upper back pain.

XVII.

3

Plaintiff avers that this incident, causing injuries and resulting in damages, occurred as a result or proximate result of the negligence and strict liability of the defendants, the particulars of which all averred non-exclusively, severally and/or in the alternative as follows:

### XVIII.

Petitioner avers that:

A. A characteristic of the product, the C500 Permobil wheelchair manufactured by Permobil, was a proximate cause (in connection with the actions and inactions of Praxair) of Derrick Edwards' injuries;

B. A characteristic of the C500 Permobil wheelchair made the product unreasonably dangerous;

C. Derrick Edwards' injuries arose from a reasonably anticipated use of the product;

D. The C500 Permobil wheelchair was unreasonably dangerous in construction and composition;

E. The C500 Permobil wheelchair was unreasonably dangerous in design;

F. The C500 Permobil wheelchair was unreasonably dangerous because an adequate warning was not provided;

G. The C500 Permobil wheelchair was unreasonably dangerous because it did not conform to the express warranty of the manufacturer, Permobil.

H. Defendant, Permobil, manufactured and marketed its products which were defective and unreasonably dangerous by design. These products were unreasonably dangerous and defective in design at the time the products were marketed by defendants and at the time the products reached plaintiff. Said defective and dangerous conditions and design proximately caused plaintiffs' injuries while the product was used in the manner and for a purpose reasonably anticipated and foreseeable by defendants;

4

I. As a direct and proximate result of the negligence, breaches of warranty and a strict liability in tort of the defendants, plaintiff's was caused serious physical and psychological injuries; and

XIX.

In addition, Petitioner pleads the following, illustrative, although non-exclusive product defects:

A. The C500 Permobil wheelchair was not equipped with the proper bolt strong enough to secure the back of the wheelchair.

B. The C500 Permobil wheelchair was unreasonably dangerous in design due to no manual or automatic safety mechanism to prevent the wheelchair from collapsing or falling all the way backwards.

C. The C500 Permobil wheelchair was unreasonably dangerous because it did not have an adequate warning as to the dangers of what could occur if the bolt would break; no warning despite the fact that the same bolt broke on another Permobil wheelchair on May 30, 2001, resulting in the collapse of the Permobil wheelchair and Derrick Edwards falling backwards.

D. The C500 Permobil wheelchair was unreasonably dangerous in failing to conform to an express warranty because the manufacturer warranted that the wheelchair was sufficient and safe. In actuality, the Permobil wheelchair is insufficient to prevent injury.

XX.

XYZ was at all material times the insurer of Praxair and is liable with Praxair for the actions and inactions of Praxair.

XXI.

Praxair had a legal duty to provide a safe product; Praxair breached the legal duty and such breach was a legal cause and a proximate cause of the injuries to Derrick Edwards. Praxair knew of the unreasonable dangerous condition; sold a product with an unreasonable dangerous condition; and was aware of the problem yet failed to prevent it.

5

XXII.

As a result of the foregoing, Derrick Edwards, has been caused to sustain the following damages for which Petitioner is entitled to recover a sum reasonable in the premises, more particularly though non-exclusively described as follows:

    A. Past, present and future physical pain and suffering

    B. Past, present and future mental anguish and anxiety

    C. Past, present and future medical and rehabilitation expenses

    D. Past, present and future lost wages

    E. Loss of enjoyment of life

    F. Loss of earning capacity

    G. Disability

XXIII.

WHEREFORE, petitioner, DERRICK EDWARDS, prays that:

    A. The defendants herein, Permobil; ABC; Praxair; and XYZ, be duly cited and served with a copy of this Petition and be requested to answer same in accordance with the law;

    B. After due delays and proceedings had, there be judgment herein in favor of petitioner Derrick Edwards and against defendants herein, Permobil; ABC; Praxair; and XYZ, jointly, severally and in solido for any and all damages necessary and appropriate in the premises, along with judicial interest from the date of judicial demand and all costs of these proceedings; and,

    C. For all general and equitable relief.

TIMOTHY R. RICHARDSON (#27625)
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
Telephone: (504) 592-4600
Facsimile: (504) 592-4641
Attorney for Petitioner

PLEASE SERVE:

1. PERMOBIL INC.,
   (Through Louisiana Long-Arm Statute)
   300 Duke Drive
   Lebanon, Tennessee 37090

2. PRAXAIR INC.,
   5400 Pepsi Street # H
   Harahan, Louisiana 70123

7

A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA