```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

DERRICK EDWARDS                                CIVIL ACTION

VERSUS                                         NO: 11-1900

PERMOBIL, INC., *ET AL.*                       SECTION: R

## ORDER AND REASONS

Permobil moves to exclude plaintiff's evidence on future damages because plaintiff has not designated an expert to discount any award for future damages to present value.[1] For the following reasons, Permobil's motion is denied.

## I.  BACKGROUND

In 1989, Derrick Edwards suffered an injury to his spinal cord, and he has been paralyzed from the neck down ever since.[2] In 2007, Edwards purchased a wheelchair from Permobil, Inc., the C500 (the "2007 Chair").[3] On July 8, 2010, Edwards suffered the injury that is at the center of this dispute. He was seated in the 2007 Chair in the back of a van when a bolt on the chair broke, and he fell backwards.[4] Edwards alleges that he suffered multiple injuries and sues multiple defendants.

---

[1] R. Doc. 101.

[2] R. Doc. 102-2 at 10-12.

[3] R. Doc. 102-5.

[4] R. Doc. 98-2 at 31-32.

## II. DISCUSSION

Permobil moves to exclude evidence of plaintiff's future damages because plaintiff has not designated an expert economist that will "provide the jury with the method of applying an appropriate below-market discount rate so that it can adjust the costs of future damages . . . to present value."[5]

While future damages must be discounted to present value, *Culver v. Slater Boat Co. (Culver II)*, 722 F.2d 114, 122 (5th Cir. 1983), an economic expert is not an absolute prerequisite to recover future damages. *See Barocco ex rel. Barocco v. Ennis Inc. of Colo.*, No. 02-1450, 2003 WL 21406179, at *5 (E.D. La. June 16, 2003)(citing *Barocco v. Ennis Inc. of Colo.*, No.02-1450, 2003 WL 1342973, at *2 (E.D. La. Mar. 19, 2003)); *Bonura v. Sea Land Service, Inc.*, 505 F.2d 665, 669 (5th Cir. 1974)(aligning the Fifth Circuit with the majority of circuits that have "presumed that jurors are capable enough and aware enough of modern economics to be able to reduce gross loss to present value intelligently once they have been instructed to perform this function")).

As long as the jury is presented with sufficient evidence to discount any future damages, an expert is not required. *See Barrocco*, 2003 WL 21406179, at *5 (plaintiff provided jury with plaintiff's age, income, work expectancy, life expectancy as

---

[5] R. Doc. 101-1 at 1.

well as the Consumer Price Index and treasury bill rates). The jury will be instructed on their obligation to discount any future damage awards. *See* Fifth Circuit Pattern Jury Instructions (Civil) § 4.12 (2006 ed.) ("[I]f you decide to award plaintiff an amount for lost earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment."); *see also Monessen Southwestern Railway Co. v. Morgan*, 486 U.S. 330, 341 (1988) ("[T]he present value calculation is to be made by the 'trier of fact.'"); *Masinter v. Tenneco Oil Co.*, 929 F.2d 191, 195 (5th Cir. 1991) (reiterating that in *Culver II* the court had not mandated any specific discount rate but rather had "explained that parties may introduce expert opinion concerning the appropriate [discount] rate"). Accordingly, defendant's motion to exclude evidence of the plaintiff's future damages is denied.

### III. CONCLUSION

For the above stated reasons, defendant's motion is denied.

New Orleans, Louisiana, this 12th day of August, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE