UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DERRICK EDWARDS                          CIVIL ACTION

VERSUS                                   NO: 11-1900

PERMOBIL, INC., *ET AL.*                 SECTION: R

### ORDER AND REASONS

Before the Court is defendants' motion in limine to exclude
from trial the testimony of Clarke J. Gernon, Sr. concerning
inadequate warnings and/or instructions.[1] For the following
reasons, defendants' motion is GRANTED.

Defendants contend that Mr. Gernon should not be permitted
to testify as to the sufficiency or adequacy of the warnings
and/or instructions provided to purchasers of defendants'
products because he has admitted that he is not an expert in such
matters.[2] Plaintiff does not dispute that Mr. Gernon is not a
warnings expert, and indeed disclaims an intention of offering
Mr. Gernon's opinion that defendants' instructions or warnings
were inadequate.[3] Plaintiff argues that Mr. Gernon will merely
make "factual statement[s]" that there are no warnings or
instructions concerning certain aspects of the wheelchairs and

_____

[1]   R. Doc. 182.

[2]   R. Doc. 182-1 at 1-2.

[3]   R. Doc. 200 at 1.

opine that the lack of warnings makes the wheelchair unreasonably
dangerous.[4]

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge,
skill, experience, training, or education may testify in
the form of an opinion or otherwise if (a) the expert's
scientific, technical, or other specialized knowledge
will help the trier of fact to understand the evidence or
to determine a fact in issue; (b) the testimony is based
on sufficient facts or data; (c) the testimony is the
product of reliable principles and methods; and (d) the
expert has reliably applied the principles and methods to
the facts of the case.

This rule applies not only to testimony based on scientific
knowledge, but also to testimony of engineers and other experts
that is based on technical or specialized knowledge. See *Kumho
Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Under Rule 702,
"[a] district court should refuse to allow an expert witness to
testify if it finds that the witness is not qualified to testify
in a particular field or on a given subject." *Wilson v. Woods*,
163 F.3d 935, 937 (5th Cir. 1999).

Because Mr. Gernon is not an expert on instructions or
warnings, he is not entitled to give opinions on either the
adequacy of defendants' instructions and warnings or the
defendants' failure to provide instructions and warnings. Under
Rule 702, he is not a witness "qualified as an expert by
knowledge, skill, experience, training, or education." He
therefore does not satisfy the predicate requirement to offer

---

[4]     *Id.* at 1-2.

expert opinions on the issue of warnings. Contrary to counsel's argument, the assertion that the absence of a warning made defendants' product unreasonably dangerous is a statement of opinion, not of fact. Plaintiffs will be precluded from offering Mr. Gernon's testimony on warnings and instructions into evidence.

New Orleans, Louisiana, this 21st day of August, 2013.


SARAH S. VANCE
UNITED STATES DISTRICT JUDGE