```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA

DERRICK EDWARDS                              CIVIL ACTION

VERSUS                                       NO: 11-1900

PERMOBIL, INC., ET AL.                       SECTION: R
```

### ORDER AND REASONS

Before the Court is defendants' motion to exclude from trial the presentment of plaintiff's wheelchair as an exhibit in its post-accident repaired condition.[1]

Federal Rule of Evidence 407 provides as follows:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or -- if disputed -- proving ownership, control, or the feasibility of precautionary measures.

Defendants note that a "secondary bolt to prevent slippage" was placed on the wheelchair after the accident and contend that this constitutes an inadmissible "subsequent remedial measure" under Rule 407. Plaintiff does not oppose this argument, and he has advised that he has no objection to removing the secondary bolt before introducing the wheelchair at trial.[2] Accordingly,

---

[1] R. Doc. 192.

[2] R. Doc. 209.

defendants' motion is GRANTED. Plaintiff is correct that, in the event defendants dispute the feasibility of placing a secondary stop bolt on the wheelchair, Rule 407 entitles plaintiff to introduce the wheelchair in its post-accident condition for the purpose of showing feasibility.

New Orleans, Louisiana, this 22nd day of August, 2013.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE