```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

DERRICK EDWARDS                                    CIVIL ACTION

VERSUS                                             NO: 11-1900

PERMOBIL, INC., *ET AL*.                           SECTION: R


### ORDER AND REASONS

Before the Court are two related motions *in limine*: defendants' motion to exclude evidence of problems plaintiff allegedly experienced with his previous Permobil wheelchair,[1] and plaintiff's motion to exclude testimony on the Corpus II Seating.[2] The Court considers these motions together because they address the same issue: the admissibility of previous accidents involving Permobil wheelchairs. For the following reasons, defendants' motion is denied, and plaintiff's motion is denied as moot.

### I. THE ARGUMENTS OF THE PARTIES

Plaintiff has argued in this litigation that two previous incidents involving a Permobil wheelchair should have should put

---

[1] R. Doc. 190. Plaintiff contends that this motion is untimely. *See* R. Doc. 205 at 1. This is incorrect. Pursuant to the Court's August 5, 2013 Order, the deadline for motions *in limine* was set for August 19, 2013. R. Doc. 174 at 2. Defendants' motion was filed on August 15.

[2] R. Doc. 149.

defendants on notice that there was a design flaw in the C500 wheelchair that plaintiff was using at the time of the accident at issue in this case: (1) an alleged failure of a bolt in plaintiff's Chairman 2K wheelchair in 2001; and (2) alleged slippage of the backrest adjustment mechanism in the Chairman 2K between 2001 and 2007, which led Permobil to recommend that a safety bolt be installed on the wheelchair.[3] Plaintiff plans to introduce evidence of these incidents in order "to show Permobil was aware of issues with Derrick's chair."[4]

Defendants contend that these two incidents are not relevant to this case because there is not sufficient evidence that they are similar to the accident at issue in this litigation. Defendants also argue that admission of evidence of the two accidents would violate Rule 403 because it would lead to unfair prejudice, confuse the issues, and mislead the jury. Plaintiff responds that the seats in the Chairman 2K and C-500 wheelchairs

---

[3] *See* R. Doc. 205 at 2-4. Plaintiff previously has suggested that the chair he was using in 2001 was a *third*, unidentified wheelchair. *See* R. Doc. 162 at 6 ("In 2001, Derrick had a problem with his Permobil wheelchair. . . . Following the 2001 incident, Derrick was utilizing a Chairman 2K wheelchair); R. Doc. 149-1 at 1 ("Plaintiff . . . . was utilizing a Permobil wheelchair in 2001 and the bolt broke on that wheelchair. Thereafter, he had a Chairman 2K wheelchair which bolt for the back rest started to slip."). But the evidence submitted by plaintiff in connection with the motions under considerations supports plaintiff's current contention that the Chairman 2K was involved in the 2001 incident.

[4] R. Doc. 205 at 6.

are "the same,"[5] and notes that Permobil "has never provided any evidence that the seating mechanism was different."[6] Plaintiff contends that Permobil must produce such evidence in order to argue that the previous incidents are irrelevant.[7]

## II. LEGAL STANDARD

Evidence of similar accidents can be admissible in a products liability case to show "the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 338-39 (5th Cir. 1980); *see also Bailey v. Oliver*, 504 So. 2d 152, 155 (La. Ct. App. 1987) ("The jurisprudence, both state and federal, holds that evidence of prior, similar accidents may be extremely relevant in proving the defective and unreasonably dangerous nature of a product."). Under Fifth Circuit law, evidence of previous accidents is admissible at trial if it can be shown that (1) the earlier failure occurred under conditions substantially similar to those existing during the failure in the accident central to the litigation, and (2) the earlier failure occurred

---

[5] *Id.* at 4; *see also* R. Doc. 149-1 at 2.

[6] R. Doc. 149-1 at 2.

[7] *Id.*

at a time not too remote from the time of the failure in the accident central to the litigation. *Ramos*, 615 F.2d at 339 (quoting *Jones & Laughlin Steel Corp. v. Matherne*, 348 F.2d 394, 400 (5th Cir. 1965)). Stated differently, the proponent of evidence of other accidents or occurrences must establish "that the facts and circumstances of other accidents or occurrences are 'closely similar' to the facts and circumstances at issue." *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) (citing *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082-83 (5th Cir. 1986)). Of course, "[s]ubstantial similarity does not require an exact match." *Green v. Schutt Sports Mfg. Co.*, 369 F. App'x 630, 638 (5th Cir. 2010). The "substantial similarity" requirement is relaxed to "reasonable similarity" if the earlier accident is offered only to show defendants' awareness of an arguably dangerous condition. *Johnson*, 988 F.2d at 580; *Willis v. KIA Motors Corp.*, No. 2:07CV062-P-A, 2009 WL 2351766, at *1 (N.D. Miss. July 29, 2009) ("[O]nly 'reasonably similar' incidents will be admissible for the purpose[] of establishing notice."); *see also Young v. Ill. Cent. Gulf R.R. Co.*, 618 F.2d 332, 339 (5th Cir. 1980) (noting that evidence of earlier accidents offered for the "sole purpose" of showing that defendant had notice of an "arguably dangerous" condition can be considered by the jury for the purpose of

4

determining whether a reasonably prudent entity would have taken precautions against future accidents).

### III. DISCUSSION

Here, plaintiff purports to introduce evidence of the earlier incidents only to show that defendants were on notice that the design of the wheelchair was arguably dangerous.[8] In support of his contention that the previous accidents were "reasonably similar," plaintiff has submitted a petition for damages he filed after the 2001 bolt breakage, as well as the deposition testimony of Marcel Farnet and Jerome Hellbach, two technicians who worked on plaintiff's Chairman 2K.[9] The petition for damages establishes that Permobil received notice in 2002 that one of its customers had alleged that the Chairman 2K was unreasonably dangerous because a bolt holding up the back of the wheelchair had broken.[10] The testimony of Farnet and Hellbach supports plaintiff's contentions that the Chairman 2K and C-500

---

[8] *See, e.g.*, R. Doc. 205 at 4 ("These prior instances are sufficient to show notice.").

[9] R. Doc. 205-1.

[10] R. Doc. 205-1 at 2-3. This petition is not hearsay because it is being offered to show that Permobil had notice of the allegations, not that the allegations themselves were truthful. *See Willis*, 2009 WL 2351766, at *4; *Hankins v. Ford Motor Co.*, No. 2:08-cv-639-CWR-FKB, 2012 WL 174793, at *4 (S.D. Miss. Jan. 20, 2012).

chairs had a similar backrest adjustment design and that Permobil recommended that the technicians add a safety bolt to that mechanism to prevent it from slipping.[11] In this case, plaintiff alleges that the 2010 accident occurred because defendants failed to install a stronger primary bolt and/or a backup safety bolt to prevent the backrest mechanism from failing.[12]

Plaintiff has met his burden of showing that the earlier incidents were sufficiently similar to the accident at issue to put defendants on notice that there were potential issues with the design of the C-500 chair's backrest. The defect alleged in both instances is a failure of a specific type of backrest support due to bolts of inadequate strength and/or number. Even though the chair models were different, it is the similarity of the failed mechanism that is relevant. This is true even under the stricter "substantial similarity" standard. *See Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1248 (10th Cir. 2000) ("The substantial similarity rule does not require identical products; nor does it require [courts] to compare products in their entirety. The rule requires substantial similarity among the variables relevant to the plaintiff's theory of defect."); *Prats v. Graco Children's Prods., Inc.*, No. 11-1765, 2012 WL 4854760, at *1 (E.D. La. Oct. 11, 2012) (finding evidence of earlier

---

[11]  *See* R. Doc. 205-1 at 12, 16.

[12]  *See* R. Doc. 162 at 6.

incident substantially similar, even though it involved a different model of product, because the alleged "defect and risk" in the earlier incident was the same as the alleged defect and risk at issue in the case). Plaintiff's showing is thus sufficient to satisfy the "reasonable similarity" standard. Plaintiff does not contend that the evidence of earlier incidents will be offered to prove anything other than notice; accordingly, the Court does not reach the issue of whether the earlier incidents were "substantially similar" to the accident at issue.

Furthermore, the Court finds that the evidence of the earlier incidents is not unfairly prejudicial to defendants. Defendants know the manufacturing and design specifications for the two wheelchairs and thus can offer evidence to rebut the charge of similarity. Moreover, the evidence of earlier incidents will not confuse the issues or mislead the jury, because the Court expects that counsel for both sides will keep references to the earlier incidents concise and offer them only for their intended, limited purpose. The Court will not permit mini-trials about the previous incidents.

Because the Court has concluded that the evidence in question is admissible, plaintiff's motion urging that defendants "must produce evidence of the prior seating other than the argument of counsel" in order to "argue[] that the 2001 incident is irrelevant" is now moot.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES defendants' motion to exclude evidence of earlier failures of plaintiff's wheelchair[13] and DENIES plaintiff's "Motion to Exclude Corpus II Seating"[14] as moot. The evidence at issue is admissible for the sole purpose of showing that defendants were on notice that the design of the C-500 wheelchair was arguably dangerous.

New Orleans, Louisiana, this 22nd day of August, 2013.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13]   R. Doc. 190.

[14]   R. Doc. 149.