```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

DERRICK EDWARDS                              CIVIL ACTION

VERSUS                                       NO: 11-1900

PERMOBIL, INC., *ET AL.*                     SECTION: R


### ORDER AND REASONS

On August 9, 2013, this Court denied plaintiff's motion in limine to exclude the testimony of Dr. Monroe Laborde and Dr. Joseph Cormier.[1] Plaintiff now reurges that motion in light of facts revealed in Dr. Cormier's deposition, which was taken on the same day the Court issued its Order.[2] For the following reasons, plaintiff's motion is DENIED.

### I. BACKGROUND

The facts underlying this litigation and the details of the expert testimony at issue are summarized in detail in the Court's August 9 Order. In short, the testimony consists of (1) calculations performed by Dr. Cormier, a biomedical engineer, that purport to estimate, under a range of assumptions, the maximum change in velocity that plaintiff's wheelchair could have experienced when it fell; and (2) the opinion of Dr. Laborde, an orthopaedic surgeon with a degree in biomedical engineering,

---

[1]  R. Doc. 179.

[2]  *See* R. Doc. 199.

that, according to Cormier's calculations, the accident was unlikely to cause injury because the change in velocity was low.

## II.  LEGAL STANDARD

Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. A district court has considerable discretion to admit or exclude expert testimony under the Federal Rules of Evidence. *See General Elec. Co. v. Joiner,* 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.,* 200 F.3d 358, 371 (5th Cir. 2000).

In *Daubert v. Merrell Dow Pharmaceuticals*, the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. 579, 589 (1993); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999) (clarifying that the *Daubert* gatekeeping function applies to all forms of expert testimony).

The Court's gatekeeping function thus involves a two-part inquiry into reliability and relevance. First, the Court must determine whether the proffered expert testimony is reliable. The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.,* 151 F.3d 269, 276 (5th Cir. 1998). The reliability inquiry requires the Court to assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert,* 509 U.S. at 593. The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation. *See id.* at 590. Second, the Court must determine whether the expert's reasoning or methodology is relevant in that it "fits" the facts of the case and will thereby assist the trier of fact to understand the evidence. *See id.* at 591.

**III. DISCUSSION**

Plaintiff contends that the experts' opinions are inadmissible for several reasons. The Court will address each in turn.

First, plaintiff argues that Dr. Cormier relied on measurements of the "wrong" wheelchair in performing his calculations. According to plaintiff, Dr. Cormier used photographs and measurements of an exemplar chair and the chair that plaintiff was sitting in during his deposition, but the chair actually involved in the accident was different from both

3

of those chairs.[3] Plaintiff notes that Cormier admitted that he was never given "measurements of the chair which actually fell on the date of [plaintiff]'s incident,"[4] and that his calculations might be affected if "the actual chair was substantially different in geometry."[5] The Court finds this argument baseless, because Dr. Cormier's expert report states that he based his calculations on photographs and measurements of the "Permobil C500 Power Wheelchair,"[6] the chair that plaintiff alleges was involved in the accident.

Second, plaintiff notes that Dr. Cormier attached one spreadsheet showing his calculations to his expert report and used a "different" spreadsheet in his deposition. Defendants explain that the spreadsheet prepared by Dr. Cormier contains several variables that can be changed by the user, and thus will yield different output values depending on the values assigned to those variables. The two spreadsheets in question were different because they contained different values for the input variables. The Court credits this explanation, as it has already found Dr. Cormier's basic methodology reliable in the August 9 Order.[7]

---

[3]     R. Doc. 199-1 at 3-4.

[4]     R. Doc. 199-3 at 6.

[5]     *Id.* at 5.

[6]     *See* R. Doc. 153-3 at 1-2.

[7]     R. Doc. 179 at 5-7.

Third, plaintiff contends that Dr. Cormier disclaimed having an opinion as to the maximum change in velocity of plaintiff's wheelchair when it fell. Defendants respond that Dr. Cormier's calculations merely show the range of velocities that were possible based on various factual scenarios, and that the calculations are thus a "tool for the jury to utilize to make the determination of change in velocity depending upon facts that *they* determine."[8] Again, the Court has already determined that Dr. Cormier used a reliable methodology used in arriving at his calculations, and this conclusion is not altered by the fact that Dr. Cormier declined to offer an opinion as to the actual speed that plaintiff's chair was traveling when during the accident. Dr. Cormier simply provided a "range of possibilities of . . . velocity" based on various initial conditions.[9] The jury will determine what initial conditions actually obtained, and then it can use Dr. Cormier's calculations to derive conclusions from those initial conditions.

Fourth, plaintiff complains that Dr. Cormier "utilized measurements he did not take" and that his opinions are unreliable for that reason.[10] The Court already rejected this

---

[8]  R. Doc. 206 at 5.

[9]  R. Doc. 199-3 at 12-13.

[10] R. Doc. 199-1 at 3.

argument in its August 9, 2013 Order and will not revisit it here.[11]

Finally, plaintiff argues that Dr. Laborde's opinion that a change in velocity of less than five miles per hour is unlikely to cause injury is inadmissible because Dr. Laborde relied on (1) a change in velocity that Dr. Cormier never calculated and (2) the expert opinions of others contained in books on biomechanics. The Court finds no merit in either of these objections. With regard to the first objection, because the Court has found Dr. Cormier's calculations reliable, Dr. Laborde is entitled to plug certain variables into those calculations and rely on the results to opine that, under the conditions corresponding to those variables, plaintiff was unlikely to suffer injury from the accident. *See* Fed. R. Evid. 703. If the jury finds that those conditions actually obtained, Dr. Laborde's testimony will be helpful. With regard to the second objection, expert witnesses are entitled to base their opinions on facts or data upon which experts in that particular field would reasonably rely, even if the facts or data would otherwise be inadmissible. *Id.* Moreover, statements contained in treatises are not considered inadmissible hearsay if they are relied upon by an expert and established as a reliable authority by the expert's testimony. Fed. R. Evid. 803(18). Accordingly, Dr. Laborde is entitled to rely on

---

[11] *See* R. Doc. 179 at 8.

biomechanics books in rendering his opinions, so long as he establishes that they are reliable authorities. It will be for the finder of fact to determine the weight to accord the opinions Dr. Laborde renders based on these sources. *See United State v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury.").

**IV. CONCLUSION**

    For the foregoing reasons, plaintiff's motion is DENIED.

    New Orleans, Louisiana, this 22nd day of August, 2013.

                  _____
                        SARAH S. VANCE
               UNITED STATES DISTRICT JUDGE