UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DERRICK EDWARDS                              CIVIL ACTION

VERSUS                                       NO: 11-1900

PERMOBIL, INC., *ET AL.*                     SECTION: R

<u>**ORDER AND REASONS**</u>

Defendants have filed a memorandum of law in which they contend that they are entitled to argue that defendants Praxair and National Seating and Mobility (NSM), both of which were dismissed on summary judgment, were at fault in causing the accident that is the subject of this litigation.[1] For the following reasons, the Court finds defendants' argument without merit.

Defendant relies on *Golman v. Tesoro Drilling Corp.*, 700 F.2d 249 (5th Cir. 1983). There, the trial court had denied a motion for summary judgment filed before discovery was conducted, but, at the beginning of trial, the court dismissed one defendant, B&W, on summary judgment after the plaintiff's counsel admitted in his opening statement that there was "no evidence that implicate[d] B&W directly." *Id.* at 250-51. The trial judge then allowed the remaining defendant, Tesoro, to raise the intervening fault of B&W as a defense to Tesoro's liability at trial. *Id.* at 251. The Fifth Circuit affirmed, holding that the trial court did not abuse its discretion in declining to treat its ruling on the motion for summary judgment as the law of the

_____

[1]     R. Doc. 219.

case. *Id.* at 251, 253. The court noted that "[a] trial court is
not inexorably bound to the precedent it establishes in the
course of a trial" and that a grant of summary judgment is an
interlocutory order subject to revision at any time before final
judgment is entered. *Id.* at 253. (citing Fed. R. Civ. P. 54(b);
*Travelers Indem. Co. v. Erickson's, Inc.*, 396 F.2d 134, 136 (5th
Cir. 1968)).

    *Golman* establishes that a ruling on a motion for partial
summary judgment is "not immutable" and that the trial court is
within its discretion to revise that ruling before entering final
judgment as to all parties. *See id.* (citing *United States v.
Horton*, 622 F.2d 144, 148 (5th Cir. 1980)). But *Golman* did
nothing to alter the "general rule" that "a decision on a motion
for partial summary judgment is the 'law of the case' on the
issues decided." *Gulf S. Mach., Inc. v. Am. Standard, Inc.*, No.
97-0065, 1999 WL 102753, at *1 (E.D. La. Feb. 22, 1999) (citing
*Horton*, 622 F.2d at 148). Here, the Court determined in its order
granting summary judgment to Praxair and NSM that no reasonable
jury could find those defendants at fault for the subject
incident. *See* R. Doc. 184 at 7-8, 11-12. Accordingly, it is the
law of the case that Praxair and NSM have no responsibility for
plaintiff's injuries. Under *Golman*, this Court would be *within
its discretion* to revise its summary judgment ruling -- but it is
not *required* to do so, and defendants have provided no compelling
reason for the Court to depart from the "general rule" that a

ruling on a motion for partial summary judgment resolves the issues decided for the duration of the litigation. In fact, the Court has already allowed Permobil an opportunity to present evidence that summary judgment for Praxair and NSM was not appropriate, *see* R. Doc. 184 at 1 n.2, and Permobil failed to present evidence raising an issue of material fact regarding their liability. The Court declines to offer Permobil yet another bite at the apple.

Indeed, given developments in substantive Louisiana law that have occurred after *Golman* was decided, the Court finds that it is preferable to treat its ruling on the fault of Praxair and NSM as conclusive for purposes of this trial. In *Bowie v. Young*, 813 So.2d 562 (La. Ct. App. 2002), the Louisiana Court of Appeal considered the language of Louisiana Civil Code article 2323, which provides that in a suit for damages, "the degree or percentage of fault of all persons causing or contributing to the . . . loss shall be determined, regardless of whether the person is a party to the action or a nonparty." *Id.* at 568-69. The court held that once certain defendants have been dismissed at the summary judgment stage because they were not negligent, it would be "illogical" to allow the jury to consider these parties in the allocation of fault. *Id.* at 569. The effect would be that, while the plaintiff cannot recover from the dismissed defendants because they were *not* at fault, the remaining defendants can reduce their liability by arguing that the dismissed defendants

*were* at fault. Such a result would be inequitable. *Id.* at 569-70.

*Bowie*'s analysis has been adopted by both state and federal

courts applying Louisiana tort law. *See Regan v. Starcraft Mar.*,

No. 06-1257, 2010 WL 4117184, at *2 (W.D. La. Oct. 12, 2010)

(following *Bowie* in a case governed by Louisiana law); *Duzon v.*

*Stallworth*, 866 So.2d 837, 853-54 (La. Ct. App. 2002) (finding

Bowie's analysis "persuasive" and adopting it).

　　In short, the Court finds no reason to revisit its earlier

ruling that no reasonably jury could find Praxair or NSM at fault

for plaintiff's accident. Accordingly, it remains the law of the

case that those defendants were not negligent, and the remaining

defendants may not raise the negligence of Praxair or NSM as a

defense at trial.

　　New Orleans, Louisiana, this 27th day of August, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4