UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


DERRICK EDWARDS                              CIVIL ACTION

VERSUS                                       NO. 11-1900

PERMOBIL, INC. ET AL.                        SECTION "R" (5)


### JURY INSTRUCTIONS

MEMBERS OF THE JURY:

YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. ON THE OTHER HAND, YOU THE JURY ARE THE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. STATEMENTS AND ARGUMENTS OF THE ATTORNEYS ARE NOT EVIDENCE AND ARE NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS.

YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT YOU MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

THE BURDEN OF PROOF IS ON THE PLAINTIFF, DERRICK EDWARDS, TO PROVE EVERY ESSENTIAL ELEMENT OF HIS CLAIMS BY A PREPONDERANCE OF

THE EVIDENCE.

A PREPONDERANCE OF THE EVIDENCE SIMPLY MEANS EVIDENCE THAT PERSUADES YOU THAT THE PLAINTIFF'S CLAIM IS MORE LIKELY TRUE THAN NOT TRUE.

IN DECIDING WHETHER ANY FACT HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF MR. EDWARDS FAILS TO PROVE ANY ESSENTIAL PART OF ANY OF HIS CLAIMS BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR DEFENDANTS AS TO THOSE CLAIMS.

YOU MUST CONSIDER ONLY THE EVIDENCE IN THIS CASE. YOU MAY, HOWEVER, DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO MAKE FROM THE TESTIMONY AND EVIDENCE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE YOU MAY CONSIDER. ONE IS DIRECT EVIDENCE--SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS

INDIRECT OR CIRCUMSTANTIAL EVIDENCE--THE PROOF OF CIRCUMSTANCES
THAT TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF
CERTAIN OTHER FACTS. THE LAW MAKES NO DISTINCTION BETWEEN DIRECT
AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND
THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT
AND CIRCUMSTANTIAL.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY
OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, HIS
OR HER BEARING ON THE WITNESS STAND, HIS OR HER PERSONAL FEELINGS
AS DEMONSTRATED BY HIS OR HER TESTIMONY AND HIS OR HER ACTIONS,
ANY INTEREST HE OR SHE MAY HAVE IN THE OUTCOME OF THE CASE, ANY
PREJUDICE OR BIAS HE OR SHE MAY HAVE SHOWN, AND ANY PARTIALITY
THAT HE OR SHE MAY HAVE DEMONSTRATED.

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A
WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE
TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING
SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME
OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR
DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS
GAVE BEFORE YOU DURING THE TRIAL.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY
A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT
TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY
FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF

3

A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

IF A WITNESS IS SHOWN TO HAVE KNOWINGLY TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS' TESTIMONY IN OTHER PARTICULARS. YOU MAY REJECT ALL THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU THINK IT DESERVES.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD--HE IS CALLED AN EXPERT WITNESS--IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS BEEN OR WILL BE PAID FOR REVIEWING THE CASE AND TESTIFYING, OR FROM EVIDENCE THAT HE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND HIS INCOME FROM SUCH TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF HIS INCOME.

DURING THE COURSE OF THE TRIAL, THE PARTIES HAVE AGREED, OR

STIPULATED, TO CERTAIN FACTS. THIS MEANS THAT BOTH SIDES AGREE THAT THIS IS A FACT. YOU MUST THEREFORE TREAT THIS FACT AS HAVING BEEN PROVED.

THE PARTIES HAVE ALSO STIPULATED TO THE TESTIMONY OF CERTAIN WITNESSES. THIS MEANS THAT BOTH SIDES AGREE ON WHAT THE TESTIMONY OF THE WITNESS WOULD BE IF HE OR SHE WERE CALLED AS A WITNESS. YOU SHOULD CONSIDER THAT TESTIMONY IN THE SAME WAY AS IF IT HAD BEEN GIVEN HERE IN COURT, AND GIVE IT THE VALUE YOU BELIEVE IT DESERVES.

DURING THE COURSE OF THE TRIAL, YOU HAVE HEARD OBJECTIONS TO EVIDENCE. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

WHEN THE COURT ALLOWS TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF THAT EVIDENCE. AS STATED BEFORE, THE JURORS ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, YOU MUST DISREGARD THE QUESTION ENTIRELY, AND YOU MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR

SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO
ANSWER THE QUESTION.

DURING THE COURSE OF THE TRIAL, I HAVE OCCASIONALLY ASKED A
QUESTION OF A WITNESS IN ORDER TO BRING OUT FACTS NOT THEN FULLY
COVERED IN THE TESTIMONY. DO NOT ASSUME THAT I HOLD ANY OPINION
ON THE MATTERS TO WHICH MY QUESTION OR QUESTIONS MAY HAVE
RELATED. REMEMBER AT ALL TIMES, YOU, AS JURORS, ARE THE SOLE
JUDGES OF THE FACTS.

AS I INSTRUCTED YOU AT THE BEGINNING OF THE TRIAL, YOUR
NOTES, IF YOU HAVE CHOSEN TO TAKE ANY, SHOULD BE USED ONLY AS
MEMORY AIDS. YOU SHOULD NOT GIVE YOUR NOTES PRECEDENCE OVER YOUR
INDEPENDENT RECOLLECTION OF THE EVIDENCE. IF YOU HAVE NOT TAKEN
NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE
PROCEEDINGS, AND YOU SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES
OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT
THAN THE MEMORY OR IMPRESSION OF EACH JUROR AS TO WHAT THE
EVIDENCE WAS. WHETHER YOU HAVE TAKEN NOTES OR NOT, EACH OF YOU
MUST FORM YOUR OWN OPINION AS TO THE FACTS OF THE CASE.

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR
DELIBERATIONS. COMPANIES AND ALL OTHER PERSONS ARE EQUAL BEFORE
THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE. THE
DEFENDANT COMPANIES ARE ENTITLED TO THE SAME FAIR TRIAL AS ANY
INDIVIDUAL.

6

DURING THE TRIAL, CERTAIN TESTIMONY WAS PRESENTED TO YOU THROUGH A DEPOSITION. AS I TOLD YOU BEFORE YOU HEARD THE TESTIMONY, A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESSES UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS WERE READ TO YOU. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY, AND WEIGHED AND OTHERWISE CONSIDERED BY YOU INSOFAR AS POSSIBLE IN THE SAME WAY AS IF THE WITNESSES HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

IN THIS CASE, DERRICK EDWARDS SEEKS DAMAGES FROM THE DEFENDANTS AS A RESULT OF MR. EDWARDS' ACCIDENT ON JULY 8, 2010. THE PLAINTIFF IS SUING UNDER THE LOUISIANA PRODUCTS LIABILITY ACT. MR. EDWARDS ALLEGES THAT THE WHEELCHAIR HE WAS USING AT THE TIME OF THE ACCIDENT WAS UNREASONABLY DANGEROUS IN CONSTRUCTION OR COMPOSITION; THAT IT WAS UNREASONABLY DANGEROUS IN DESIGN; AND THAT IT DID NOT CONFORM TO AN EXPRESS WARRANTY OF THE MANUFACTURER.

THE DEFENDANTS DENY LIABILITY. THEY CONTEND THAT THE ALLEGED DEFECTS DID NOT RENDER THE WHEELCHAIR UNREASONABLY DANGEROUS IN CONSTRUCTION OR COMPOSITION OR IN DESIGN WHEN IT LEFT PERMOBIL'S CONTROL. THE DEFENDANTS ALSO DISPUTE PLAINTIFF'S CLAIMS THAT PERMOBIL FAILED TO CONFORM THE WHEELCHAIR TO ITS EXPRESS WARRANTY.

THE FOLLOWING INSTRUCTIONS GOVERN THE PLAINTIFF'S CLAIMS AND THE DEFENDANTS' DEFENSES TO THOSE CLAIMS:

## LOUISIANA PRODUCTS LIABILITY ACT

THE LOUISIANA PRODUCTS LIABILITY ACT ESTABLISHES THE EXCLUSIVE THEORIES OF LIABILITY FOR MANUFACTURERS FOR DAMAGE CAUSED BY THEIR PRODUCTS. IN ORDER TO RECOVER DAMAGES IN THIS CASE, DERRICK EDWARDS MUST SHOW THAT THE PRODUCT IN QUESTION IS UNREASONABLY DANGEROUS IN ONE OR MORE OF THE FOLLOWING THREE WAYS: (1) IN CONSTRUCTION OR COMPOSITION; (2) IN DESIGN; OR (3) BECAUSE THE PRODUCT DOES NOT CONFORM TO AN EXPRESS WARRANTY OF THE MANUFACTURER. PLAINTIFF MUST ALSO PROVE THAT HIS INJURIES WERE PROXIMATELY CAUSED BY THE UNREASONABLY DANGEROUS PRODUCT. DEFECTS ARE NOT PRESUMED SIMPLY BECAUSE AN ACCIDENT HAS OCCURRED.

UNDER LOUISIANA LAW, A MANUFACTURER IS NOT EXPECTED TO DESIGN PRODUCTS WITH COMPONENT PARTS THAT WILL NEVER WEAR OUT, REGARDLESS OF THE NATURE OF USE OR MAINTENANCE OF THE PRODUCT. A MANUFACTURER IS ENTITLED TO ANTICIPATE THAT A CONSUMER PURCHASING

ITS PRODUCT WILL USE REASONABLE CARE IN MAINTAINING THE PRODUCT.

## UNREASONABLY DANGEROUS IN CONSTRUCTION OR COMPOSITION

AS YOU HAVE BEEN TOLD, PLAINTIFF CLAIMS THAT THE WHEELCHAIR WAS UNREASONABLY DANGEROUS IN CONSTRUCTION OR COMPOSITION. IN ORDER TO BE SUCCESSFUL, PLAINTIFF MUST PROVE, BY A PREPONDERANCE OF THE EVIDENCE, THAT:

(1) AT THE TIME THE WHEELCHAIR LEFT THE MANUFACTURER'S CONTROL, IT DEVIATED IN A MATERIAL WAY FROM THE DEFENDANTS' SPECIFICATIONS OR PERFORMANCE STANDARDS FOR THE PRODUCT, OR FROM OTHERWISE IDENTICAL PRODUCTS MANUFACTURED BY THE DEFENDANTS;

(2) MR. EDWARDS' INJURY WAS PROXIMATELY CAUSED BY THIS DEVIATION FROM DEFENDANTS' SPECIFICATIONS OR PERFORMANCE STANDARDS;

(3) MR. EDWARDS' INJURY AROSE FROM A REASONABLY ANTICIPATED USE OF THE PRODUCT BY MR. EDWARDS; AND

(4) THERE WAS ACTUAL DAMAGE TO MR. EDWARDS.

IF YOU FIND THAT AN UNREASONABLY DANGEROUS CONDITION IN THE CONSTRUCTION OR COMPOSITION OF THE WHEELCHAIR WAS A SUBSTANTIAL FACTOR IN CAUSING MR. EDWARDS' ACCIDENT, YOU MAY FIND THAT DEFENDANTS' PRODUCT WAS A PROXIMATE CAUSE OF THIS ACCIDENT.

WHEN I USE THE TERM "UNREASONABLY DANGEROUS" IN CONSTRUCTION

OR COMPOSITION, I MEAN THAT, AT THE TIME THE PRODUCT LEFT THE MANUFACTURER'S CONTROL, IT DEVIATED IN A MATERIAL WAY FROM THE MANUFACTURER'S SPECIFICATIONS OR PERFORMANCE STANDARDS FOR THE PRODUCT OR FROM OTHERWISE IDENTICAL PRODUCTS MANUFACTURED BY THE SAME MANUFACTURER.

WHEN I USE THE TERM "REASONABLY ANTICIPATED USE," I MEAN THE USE OF A PRODUCT THAT THE MANUFACTURER, AT THE TIME OF MANUFACTURE, SHOULD REASONABLY EXPECT OF AN ORDINARY PERSON IN THE SAME OR SIMILAR CIRCUMSTANCES.

### UNREASONABLY DANGEROUS IN DESIGN

PLAINTIFF ALSO CLAIMS THAT THE WHEELCHAIR WAS UNREASONABLY DANGEROUS IN DESIGN. IN ORDER TO BE SUCCESSFUL ON THIS CLAIM, PLAINTIFF MUST PROVE, BY A PREPONDERANCE OF THE EVIDENCE, THAT:

(1) AT THE TIME THE PRODUCT LEFT ITS MANUFACTURER'S CONTROL,

    (A) THERE EXISTED AN ALTERNATIVE DESIGN FOR THE PRODUCT THAT WAS CAPABLE OF PREVENTING THE CLAIM AND DAMAGE; AND

    (B) THE LIKELIHOOD THAT THE PRODUCT'S DESIGN WOULD CAUSE A CLAIM AND DAMAGE AND THE GRAVITY OF THAT DAMAGE OUTWEIGH THE BURDEN ON THE MANUFACTURER OF ADOPTING SUCH ALTERNATIVE DESIGN AND THE ADVERSE EFFECT, IF ANY, OF SUCH ALTERNATIVE DESIGN ON THE

UTILITY OF THE PRODUCT;

(2)   MR. EDWARDS' INJURY WAS PROXIMATELY CAUSED BY A
      CHARACTERISTIC OF THE PRODUCT THAT MADE IT UNREASONABLY
      DANGEROUS AND THAT EITHER

      (A)   EXISTED AT THE TIME THE PRODUCT LEFT THE
            DEFENDANTS' CONTROL OR

      (B)   RESULTED FROM A REASONABLY ANTICIPATED ALTERATION
            OF THE PRODUCT;

(3)   MR. EDWARDS' INJURY AROSE FROM A REASONABLY ANTICIPATED
      USE OF THE PRODUCT BY MR. EDWARDS; AND

(4)   THERE WAS ACTUAL DAMAGE TO MR. EDWARDS.

IF YOU FIND THAT AN UNREASONABLY DANGEROUS CONDITION IN THE
DESIGN OF THE WHEELCHAIR WAS A SUBSTANTIAL FACTOR IN CAUSING MR.
EDWARDS' ACCIDENT, YOU MAY FIND THAT DEFENDANTS' PRODUCT WAS A
PROXIMATE CAUSE OF THE ACCIDENT.

WHEN I USE THE TERM "UNREASONABLY DANGEROUS" IN DESIGN, I
MEAN THAT THERE EXISTED AN ALTERNATIVE DESIGN FOR THE PRODUCT
THAT WAS CAPABLE OF PREVENTING THE CLAIM AND DAMAGE, AND THE
LIKELIHOOD THAT THE PRODUCT'S DESIGN WOULD CAUSE A CLAIM AND
DAMAGE AND THE GRAVITY OF THAT DAMAGE OUTWEIGH THE BURDEN ON THE
MANUFACTURER OF ADOPTING SUCH ALTERNATIVE DESIGN AND THE ADVERSE
EFFECT, IF ANY, OF SUCH ALTERNATIVE DESIGN ON THE UTILITY OF THE
PRODUCT.

WHEN I USE THE TERM "REASONABLY ANTICIPATED USE," I MEAN THE

11

USE OF A PRODUCT THAT THE MANUFACTURER, AT THE TIME OF MANUFACTURE, SHOULD REASONABLY EXPECT OF AN ORDINARY PERSON IN THE SAME OR SIMILAR CIRCUMSTANCES.

WHEN I USE THE TERM "REASONABLY ANTICIPATED ALTERATION" OF THE PRODUCT AT A LATER TIME, I MEAN A CHANGE IN THE PRODUCT THAT THE MANUFACTURER SHOULD REASONABLY EXPECT TO BE MADE BY AN ORDINARY PERSON IN SIMILAR CIRCUMSTANCES, OR A CHANGE ARISING FROM ORDINARY WEAR AND TEAR. I DO NOT MEAN BY THAT TERM CHANGES TO THE PRODUCT OR ITS OPERATION BECAUSE IT DOES NOT RECEIVE REASONABLE CARE AND MAINTENANCE. THESE ARE NOT REASONABLY ANTICIPATED ALTERATIONS FOR WHICH THE DEFENDANTS MAY BE HELD RESPONSIBLE.

**UNREASONABLY DANGEROUS IN DESIGN - STATE OF THE ART DEFENSE**

A MANUFACTURER IS NOT LIABLE FOR THE UNREASONABLE DANGER OF A PRODUCT DUE TO ITS DESIGN IF IT PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT, AT THE TIME THE PRODUCT LEFT ITS CONTROL:

(1) IT DID NOT KNOW AND, IN LIGHT OF THE REASONABLY AVAILABLE SCIENTIFIC AND TECHNICAL KNOWLEDGE THEN EXISTING, COULD NOT HAVE KNOWN OF THE DANGEROUS DESIGN CHARACTERISTICS THAT CAUSED THE INJURY, OR OF THE ALTERNATIVE DESIGN IDENTIFIED BY THE PLAINTIFF; OR

(2) THE ALTERNATIVE DESIGN IDENTIFIED BY THE PLAINTIFF WAS NOT FEASIBLE, IN LIGHT OF THE REASONABLY AVAILABLE

12

SCIENTIFIC AND TECHNICAL KNOWLEDGE, OR THE ECONOMIC

PRACTICALITY, THEN EXISTING.


### FAILURE TO CONFORM TO EXPRESS WARRANTY

PLAINTIFF CLAIMS THAT THE WHEELCHAIR WAS UNREASONABLY

DANGEROUS BECAUSE IT FAILED TO CONFORM TO AN EXPRESS WARRANTY. IN

ORDER TO BE SUCCESSFUL ON THIS CLAIM, PLAINTIFF MUST PROVE, BY A

PREPONDERANCE OF THE EVIDENCE, THAT:

(1)  DEFENDANTS MADE AN EXPRESS WARRANTY ABOUT THE

WHEELCHAIR AT SOME TIME;

(2)  THE EXPRESS WARRANTY INDUCED MR. EDWARDS TO USE THE

PRODUCT;

(3)  MR. EDWARDS' INJURY WAS PROXIMATELY CAUSED BECAUSE THE

EXPRESS WARRANTY WAS NOT FULFILLED;

(4)  MR. EDWARDS' INJURY AROSE FROM A REASONABLY ANTICIPATED

USE OF THE PRODUCT BY MR. EDWARDS; AND

(5)  THERE WAS ACTUAL DAMAGE TO MR. EDWARDS.

IF YOU FIND THAT THE FAILURE OF THE WHEELCHAIR TO CONFORM TO

AN EXPRESS WARRANTY WAS A SUBSTANTIAL FACTOR IN CAUSING MR.

EDWARDS' ACCIDENT, YOU MAY FIND THAT DEFENDANTS' PRODUCT WAS A

PROXIMATE CAUSE OF THIS ACCIDENT.

WHEN I USE THE TERM "EXPRESS WARRANTY," I MEAN A

REPRESENTATION, STATEMENT OF ALLEGED FACT OR PROMISE ABOUT A

PRODUCT THAT ASSERTS THAT THE PRODUCT POSSESSES CERTAIN

13

CHARACTERISTICS OR QUALITIES, OR WILL MEET A SPECIFIED LEVEL OF PERFORMANCE. THE TERM DOES NOT MEAN A GENERAL OPINION ABOUT THE PRODUCT, OR GENERAL PRAISE OF IT. A SAMPLE OR MODEL OF THE PRODUCT IS AN EXPRESS WARRANTY.

WHEN I USE THE TERM "REASONABLY ANTICIPATED USE," I MEAN THE USE OF A PRODUCT THAT THE MANUFACTURER, AT THE TIME OF MANUFACTURE, SHOULD REASONABLY EXPECT OF AN ORDINARY PERSON IN THE SAME OR SIMILAR CIRCUMSTANCES.

## CONSIDER DAMAGES ONLY IF NECESSARY

IF THE PLAINTIFF HAS PROVEN HIS CLAIMS AGAINST THE DEFENDANTS BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH THE PLAINTIFF IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I GIVE YOU INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANTS ARE LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANTS ARE LIABLE AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM THE DEFENDANTS.

## COMPENSATORY DAMAGES

IF YOU FIND THAT THE DEFENDANTS ARE LIABLE TO THE PLAINTIFF, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR

ALL OF PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE--THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGES THAT HE SUFFERED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT THE PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY DEFENDANTS' ALLEGEDLY WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR AND COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANTS. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES THAT MR. EDWARDS HAS ACTUALLY SUFFERED OR IS REASONABLY LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT PLAINTIFF PROVE AN AMOUNT OF LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE:

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY, ANY DISABILITY, ANY PHYSICAL OR MENTAL PAIN AND SUFFERING, AND ANY LOSS OF ENJOYMENT OF LIFE THAT THE PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE THAT WERE CAUSED BY THE ACCIDENT. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

A DEFENDANT TAKES ITS VICTIM AS IT FINDS HIM, AND IS RESPONSIBLE FOR ALL NATURAL AND PROBABLE CONSEQUENCES OF ITS WRONGFUL CONDUCT. YOU MAY AWARD DAMAGES IF YOU FIND THAT AN EXISTING PHYSICAL DEFECT OF THE PLAINTIFF WAS AGGRAVATED BY THE ACCIDENT. IF YOU FIND THAT THERE WAS SUCH AN AGGRAVATION, YOU SHOULD DETERMINE, IF YOU CAN, WHAT PORTION OF THE PLAINTIFF'S CONDITION RESULTED FROM THE AGGRAVATION, AND AWARD DAMAGES ONLY FOR THE AGGRAVATION. THE PLAINTIFF IS ENTITLED TO RECOVER ONLY FOR THE INJURIES HE SUSTAINED AS A CAUSAL RESULT OF THE ACCIDENT, AND THE PLAINTIFF MUST PROVE THROUGH MEDICAL TESTIMONY THAT IT IS

16

MORE PROBABLE THAN NOT THAT ANY GIVEN INJURY WAS CAUSED BY TRAUMA
SUFFERED IN THE ACCIDENT.

## MR. EDWARDS' MEDICAL EXPENSES

YOU MAY AWARD DAMAGES FOR THE REASONABLE EXPENSE OF
HOSPITALIZATION AND MEDICAL CARE AND TREATMENT THAT THE PLAINTIFF
HAS INCURRED AND WILL REQUIRE IN THE FUTURE BECAUSE OF HIS
INJURIES THAT WERE CAUSED BY THE ACCIDENT. IN ORDER TO RECOVER
FOR A GIVEN MEDICAL EXPENSE, THE PLAINTIFF MUST SHOW THAT, MORE
PROBABLY THAN NOT, THE EXPENSE WAS CAUSED BY THE ACCIDENT.

YOU SHOULD NOT SPECULATE, NOR AT ANY TIME, SHOULD YOUR
DELIBERATIONS INVOLVE ANY CONSIDERATION AS TO WHETHER OR NOT ANY
PORTION OF MR. EDWARDS' MEDICAL EXPENSES HAVE BEEN COVERED OR
WILL BE COVERED BY ANY FORM OF MEDICAL INSURANCE.

## CALCULATION OF PAST AND FUTURE DAMAGES

IF YOU FIND FOR THE PLAINTIFF, HE IS ENTITLED TO RECOVER AN
AMOUNT THAT WILL FAIRLY COMPENSATE HIM FOR ANY DAMAGES HE HAS
SUFFERED TO DATE.

IF YOU FIND THAT THE PLAINTIFF IS REASONABLY CERTAIN TO
SUFFER DAMAGES IN THE FUTURE FROM HIS INJURIES, THEN YOU SHOULD
AWARD HIM THE AMOUNT YOU BELIEVE WOULD FAIRLY COMPENSATE HIM FOR
SUCH FUTURE DAMAGES.

PLAINTIFF SEEKS DAMAGES FOR MEDICAL EXPENSES HE WILL INCUR

17

IN THE FUTURE. AN AWARD OF DAMAGES FOR FUTURE MEDICAL EXPENSES NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE. IF YOU SHOULD FIND THAT THE PLAINTIFF IS ENTITLED TO FUTURE MEDICAL EXPENSES, THEN YOU MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES. IF YOU AWARD DAMAGES FOR LOSS OF FUTURE MEDICAL EXPENSES, YOU MUST REDUCE THE AMOUNT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF HE MADE A RELATIVELY RISK-FREE INVESTMENT. THE REASON WHY YOU MUST MAKE THIS REDUCTION IS BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE MEDICAL EXPENSES IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVES IT TODAY THAN IF HE RECEIVED IT IN THE FUTURE, WHEN MR. EDWARDS WILL INCUR THE EXPENSE. IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE MR. EDWARDS WILL INCUR THE EXPENSE. THUS YOU SHOULD ADJUST THE AMOUNT OF ANY AWARD FOR FUTURE MEDICAL EXPENSES BY THE AMOUNT OF INTEREST THAT THE PLAINTIFF CAN EARN ON THAT AMOUNT IN THE FUTURE.

YOU MUST NOT MAKE ANY ADJUSTMENT, HOWEVER, TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR LOSS OF ENJOYMENT OF LIFE.

YOU MAY CONSIDER INFLATION IN CALCULATING THE FUTURE DAMAGES AWARD.

## ATTORNEY STATEMENTS REGARDING DAMAGES

STATEMENTS OF ANY ATTORNEY IN THIS CASE AS TO HIS ESTIMATE OF DOLLAR AMOUNTS TO BE AWARDED ARE NOT EVIDENCE AND ARE TO BE DISREGARDED BY YOU, UNLESS SUPPORTED BY THE EVIDENCE. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION, AND MUST BE BASED ON COMPETENT EVIDENCE.

## DELIBERATIONS

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT YOU MAY TAKE THESE CHARGES AND THE TRIAL EXHIBITS WITH YOU. YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO REACH A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. YOUR VERDICT MUST BE UNANIMOUS. IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TOWARD REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO YOUR OWN INDEPENDENT JUDGMENT. YOU MUST DECIDE THIS CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION, IF YOU BECOME CONVINCED YOU ARE WRONG. BUT DO NOT GIVE UP YOUR HONEST BELIEFS SIMPLY BECAUSE THE OTHERS THINK DIFFERENTLY OR JUST TO FINISH THE CASE.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES--JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE

TRUTH FROM THE EVIDENCE IN THE CASE.

WHEN YOU RETIRE TO THE JURY ROOM, YOU WILL SELECT ONE OF YOUR MEMBERS AS A FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. A FORM OF SPECIAL VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE. YOU WILL TAKE THIS WITH YOU TO THE JURY ROOM.

**(THE SPECIAL VERDICT FORM IS READ TO THE JURY)**

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY. IN THE SPACE PROVIDED BELOW EACH QUESTION, YOU WILL FIND DIRECTIONS THAT INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM.

WHEN YOU FINISH DELIBERATING, THE FOREPERSON SHOULD SIGN AND DATE THE SPECIAL VERDICT FORM.

IF YOU WANT TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE BY THE MARSHAL. YOU SHOULD NOT ATTEMPT TO COMMUNICATE WITH ME BY ANY MEANS OTHER THAN IN WRITING, AND I WILL NOT COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING ON THE MERITS OF THE CASE OTHER THAN IN WRITING, OR ORALLY IN OPEN COURT. I WILL ALWAYS DISCLOSE YOUR QUESTION AND MY RESPONSE TO THE ATTORNEYS BEFORE I ANSWER ANY OF YOUR QUESTIONS.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON--NOT EVEN TO THE COURT--HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE,

ON THE QUESTIONS BEFORE YOU, UNTIL YOU HAVE REACHED A UNANIMOUS
VERDICT.

YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR
DELIBERATIONS.